UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ANTYWANE ERIC WILLIAMS** | **CIVIL ACTION NO. 15-2805-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JUDGE COX, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Antywane Eric Williams ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 3, 2015. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He claims his civil rights were violated during his criminal trial proceedings. He names Judge Cox, Assistant District Attorney Jacobs, Counselor Bobier, and attorney Pamela Smart as defendants.

Plaintiff claims that during his August 28, 2012 trial, Judge Cox forged documents and rendered a void judgment which resulted in his loss of freedom and access to his estate trust. He claims Judge Cox allowed evidence in the possession of public officers to be forged and he did not correct it. He claims Judge Cox failed to advise him of the nature and cause of his arrest, the evidence the State intended to introduce at trial, and the accusations

against him.

Specifically, Plaintiff claims Judge Cox and Assistant District Attorney Jacob altered his objection in the trial transcript. He claims he requested a copy of the audio recording of the objection made during his August 28, 2012 trial. He claims that he stated "Objection to Brady v. Maryland." Plaintiff claims he was actually trying to object to the testimony of the police officer. He claims he then brought to the court's attention that Counselor Bobier did not give him the discovery or go over the information with him. He claims Judge Cox still proceeded to trial. He claims the court denied him the audio tape recording of the trial court proceedings.

Plaintiff claims he did not receive the incident report until March 12, 2015. He claims he made several requests for the discovery material to Pamela Smart and the court but was denied each time. Plaintiff alleges the court delayed in producing the documents in order to alter and falsify them.

Plaintiff claims the forged documents also damaged his right to appeal. He claims the trial court did not have jurisdiction to hear his case. Accordingly, Plaintiff seeks monetary damages.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**Judge Cox**

Plaintiff claims Judge Cox lacked subject matter jurisdiction, forged documents, and issued a void judgment. He claims Judge Cox failed to advise him of the nature and cause of his arrest, the evidence the State intended to introduce at trial, and the accusations against

him. He claims Judge Cox proceeded with the trial in spite of his objections.

Plaintiff cannot maintain his claims against Judge Cox. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's civil rights claim against Judge Cox should be dismissed as frivolous.

**Attorneys Bobier and Pamela Smart**

Plaintiff claims Attorney Bobier did not provide him with the discovery or discuss information with him. He claims attorney Pamela Smart denied his requests for discovery material.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do

not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra). Accordingly, Plaintiff's civil rights claims against attorneys Bobier and Smart should be dismissed as frivolous.

**Assistant District Attorney Jacobs**

Plaintiff complains Assistant District Attorney Jacobs altered his objection in the trial transcript. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478. Accordingly, Plaintiff's civil rights complaint against Assistant District Attorney Jacobs should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    **THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 2nd day of September 2016.

Mark L. Hornsby
U.S. Magistrate Judge